IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | )   Criminal Case No. **06-30161-02-GPM** |
| | ) |
| **TRACY LIPPERT,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant Tracy Lippert's motion to amend the conditions of her bond so as to permit her to visit her husband and co-defendant, Earl Lippert in the Clinton County Jail. **(Doc. 97).** Ms. Lippert claims not visiting her husband is a "hardship"– presumably based on the usual bonds between husband and wife. Ms. Lippert posits that jailhouse conversations are routinely recorded, which would ensure that the Lipperts did not discuss anything inappropriate.

The government objects, speculating that Earl Lippert will influence Tracy Lippert to violate the conditions of her release. **(Doc. 98).** Alleged prior acts by Earl Lippert, not Tracy Lippert, form the basis for the government's concerns. The government otherwise acknowledges that Tracy Lippert's behavior while on release has been exemplary.

The government's argument is speculative. Nevertheless, the restriction prohibiting direct and indirect contact with co-defendants, victims or potential witnesses serves an obvious prophylactic purpose– a purpose codified by Congress. **18 U.S.C. § 3142(c)(1)(B)(v).** Similarly, permitting the co-defendants to communicate directly, rather than through their

respective attorneys, could run afoul of Illinois Supreme Court Rule 4.2.  Avoiding the possibility of witness tampering and interference must trump the temporary emotional hardship caused by keeping husband and wife from communicating.   The burden of monitoring communications between the Lipperts will not be imposed on the government.

**IT IS THEREFORE ORDERED** that defendant Tracy Lippert's motion to amend the conditions of her bond **(Doc. 97)** is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 31, 2007**

s/ Clifford J. Proud
**CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE**